Adam T. Klein (AK 3293)
Jack Raisner (JR 6171)
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005
Email: atk@outtengolden.com
Email: jar@outtengolden.com

Kelly M. Dermody (CA Bar # 171716)
Rachel Geman (RG 0998)
Jahan C. Sagafi (CA Bar # 224887)
**LIEFF, CABRASER, HEIMANN &
 BERNSTEIN, LLP**
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
    and
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: kdermody@lchb.com
Email: rgeman@lchb.com
Email: jsagafi@lchb.com

James M. Finberg (CA Bar# 114850)
Eve H. Cervantez (CA Bar # 164709)
**ALTSHULER BERZON LLP**
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: jfinberg@altshulerberzon.com
Email: ecervantez@altshulerberzon.com

*Attorneys for the Plaintiffs*



IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW CLARKE and TAPAS SARKAR, individually and on behalf of other similarly situated persons,<br><br>             Plaintiffs,<br>v.<br><br>J.P. MORGAN CHASE & CO.,<br><br>             Defendant. | **Class Action Complaint** |

Plaintiffs Andrew Clarke and Tapas Sarkar ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their undersigned counsel, for their Complaint against Defendant J.P. Morgan Chase & Co. ("Defendant") hereby state and allege as follows:

1. Defendant is a large financial services company principally located in the City and State of New York. In order to support its various business operations, the Defendant employs a large number of technical production support workers in New York, New Jersey, and other states. Defendant's policy and practice is to willfully deny earned wages, including overtime wages, to its technical production support workers in violation of the Fair Labor Standards Act ("FLSA"), New York Labor Law and New Jersey Wage and Hour Law.

2. Plaintiffs, and all other similarly situated employees, worked as technical production support workers at various offices of Defendant located in New Jersey, New York and other states. Plaintiffs bring this lawsuit as a nationwide collective action under the FLSA, on behalf of themselves and all others similarly situated.

3. Plaintiff Andrew Clarke (the "New Jersey Named Plaintiff") worked as technical production support worker at Defendant's offices located in the State of New Jersey and brings this action on behalf of himself and all other similarly situated current or former technical production support workers of Defendant who worked in the State of New Jersey, pursuant to Rule 23 of the Federal Rules of Civil Procedure under New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a et seq., and supporting New Jersey State Department of Labor and Workforce Development regulations.

4. Plaintiff Sarkar (the "New York Named Plaintiff") worked as technical production support worker at Defendant's offices located in the State of New York and brings this action on behalf of himself and all other similarly situated current or former technical

production support workers of Defendant who worked in the State of New York, pursuant to Rule 23 of the Federal Rules of Civil Procedure under New York Labor Laws ("NYLL"), and Article 19, §§650 *et seq*.

## JURISDICTION AND VENUE

5. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claim is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Original jurisdiction exists over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action in which: (1) there are 100 or more members in each of the New York and New Jersey proposed classes; (2) at least some members of the proposed classes have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events giving rise to the claims occurred in this jurisdiction.

## PARTIES

8. Defendant is a Delaware corporation with its principal place of business in New York. Defendant can be served through its registered agent CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

9. Plaintiff Clarke was employed by Defendant in New Jersey from approximately 2000 until May 2007. He was employed as an Engineer in Defendant's Global Technology Infrastructure division in grades below 603. Throughout his employment, Mr. Clarke's main duties were to perform installation, maintenance, troubleshooting and problem resolution with

respect to distributed computing programs on Defendant's computer servers. He regularly worked in excess of 40 hours per week, but at most times received no overtime premium pay.

10. Plaintiff Sarkar has been employed by Defendant since approximately 2001. Mr. Sarkar has been employed as an Engineer at a grade below 603 in Defendant's Global Technology Infrastructure division. Throughout his employment, his main duties have been to perform maintenance, troubleshooting and problem resolution on servers. In or around January 2008, Plaintiff Sarkar's position was reclassified as non-exempt and he began receiving premium overtime payments for the work he performed in excess of 40 hours per week. He has worked out of Defendant's locations in New York and New Jersey.

11. Plaintiffs' Consents to Become a Party Plaintiff pursuant to 29 U.S.C. § 216 (b) are attached hereto as Exhibit A.

## FACTS

12. Defendant's operations throughout New York and New Jersey, the United States and internationally depend on computer systems and other hardware and software-based technology that require ongoing maintenance and support.

13. Plaintiffs and all other similarly situated persons are current and former technical production support workers whose primary duty has been to provide the day-to-day computer and information technology installation, configuring, monitoring, maintenance, troubleshooting and support services ("technical production support services") for Defendant.

14. Technical production support workers were not employed by Defendant in a bona fide executive, administrative, or professional capacity, and do not fit within any other exemption to federal, New York, or New Jersey overtime requirements. The majority of the work performed by technical production support workers is routine installing, configuring,

maintaining, monitoring, troubleshooting and problem resolution, which may include responding to problem tickets, obtaining change-of-control authorization to alter settings, and following established protocols in setting up, maintaining and supporting information technology.

15. Defendant misclassified technical production support workers below grade 603, including Plaintiffs, as exempt from the protections of the FLSA, the NYLL and the NJWHL at various times during the past six years.

16. During the past six years, Plaintiffs and other similarly situated persons regularly worked far in excess of forty hours per week.

17. For much of the relevant periods, Defendant did not maintain accurate time records with respect to technical production support workers, as required by the FLSA, New York Labor Laws and New Jersey Wage and Hour Laws.

18. Defendant's recordkeeping policies and practices applied to all technical production support workers in the same way.

19. Plaintiffs and all similarly situated employees were compensated according to the same compensation policies and practices, and received a fixed base salary without regard for the number of hours worked.

20. Upon information and belief, Defendant has from time to time evaluated the job duties of technical production support workers and determined that technical production support workers were misclassified as exempt-status employees.

21. In the past year, Defendant has reclassified technical production support workers below the grade 603 to non-exempt, and begun recording their hours and paying them overtime for hours worked in excess of forty.

22. In reclassifying technical production support workers as non-exempt, Defendant has not paid these workers retroactive overtime pay for the periods they worked while misclassified as exempt.

## COLLECTIVE ALLEGATIONS

23. Plaintiff brings Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

24. The FLSA claim may be pursued by those current and former technical production support workers below grade 603 formerly classified as exempt from overtime pay requirements but reclassified as non-exempt, including Database Management Analysts, Engineer Analysts, Engineers, Tech Ops Technicians, Tech Ops Analysts, Service Desk Leads, Quality Assurance Analysts and others in roles with comparable levels of skills employed by Defendant in the United States who opt in to this case, pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

25. The number, identity, and contact information of the members of the FLSA Collective may be determined from Defendant's records. Members of the FLSA Collective may easily and quickly be notified of the pendency of this action.

## CLASS ACTION ALLEGATIONS

26. Plaintiffs also bring claims for violations of New Jersey's wage and hour laws (Count II) and New York's wage and hour laws (Count III) as a class action pursuant to Rule 23, on behalf of themselves and as representatives of a class of similarly situated persons.

27. Plaintiff Andrew Clarke also brings claims for violations of New Jersey's wage and hour laws (Count II) as a class action pursuant to Rule 23, on behalf of himself and as a representative of a class of similarly situated persons.

28. The New Jersey Rule 23 Class is defined as

> Current and former technical production support workers below grade 603 formerly classified as exempt from overtime pay requirements but reclassified as non-exempt, including Database Management Analysts, Engineer Analysts, Engineers, Tech Ops Technicians, Tech Ops Analysts, Service Desk Leads, Quality Assurance Analysts and others in roles with comparable levels of skills employed by Defendant in the State of New Jersey within the last two (2) years (the "New Jersey Rule 23 Class" and "New Jersey Class Period," respectively).

29. Plaintiff Tapas Sarkar also brings claims for violations of New York's wage and hour laws (Count III) as a class action pursuant to Rule 23, on behalf of himself and as a representative of a class of similarly situated persons.

30. The New York Rule 23 Class is defined as

> Current and former technical production support workers below grade 603 formerly classified as exempt from overtime pay requirements but reclassified as non-exempt, including Database Management Analysts, Engineer Analysts, Engineers, Tech Ops Technicians, Tech Ops Analysts, Service Desk Leads, Quality Assurance Analysts and others in roles with comparable levels of skills employed by Defendant in the State of New York within the last six (6) years. (the "New York Rule 23 Class" and "New York Class Period," respectively).

31. Plaintiffs' state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a Rule 23 class action.

32. There are questions of fact and law common to Plaintiffs and the members of the Rule 23 Classes that predominate over any questions affecting only individual class members. The questions of law and fact common to Plaintiffs and the members of the Rule 23 Classes include, without limitation, the following:

    a. Whether Defendant had a policy and practice of not accurately recording all hours worked by Plaintiffs and the members of the Rule 23 Classes;

b. Whether Defendant had a policy and practice of failing to pay Plaintiffs and members of the Rule 23 Classes overtime compensation; and,

c. Whether Defendant properly classified Plaintiffs and members of the Rule 23 Classes as exempt employees.

33. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

34. Plaintiffs' claims are typical of those of the Rule 23 Classes. Defendant employed Plaintiffs and the members of the Rule 23 Classes in the same or comparable grades, and subjected them to the same unlawful practices.

35. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class.

36. Plaintiffs are adequate representatives because they are members of the Rule 23 Classes and their interests do not conflict with the interests of the other members of the Rule 23 Classes they seek to represent. The interests of the members of the Rule 23 Classes will be fairly and adequately protected by the Plaintiffs and their undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment and class action litigation.

37. Maintenance of these claims as a class action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the Rule 23 Classes who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could

result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

38. As a result of Defendant's unlawful policies and practices, that were instituted and approved by Defendant's upper level managers, Defendant has willfully failed to pay Plaintiffs, the members of the FLSA Collective, and the members of the Rule 23 Classes (collectively "Class Members") proper overtime compensation, and has willfully failed to keep accurate time records with respect to the Class Members.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938
**(Brought by Plaintiffs Individually and on Behalf of All Others Similarly Situated)**

39. Plaintiffs reassert and re-allege the allegations set forth in all preceding paragraphs as if fully set forth herein.

40. At all times material herein, Plaintiffs and the Class Members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

41. Plaintiffs and the Class Members were employed by Defendant. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a); 29 U.S.C. § 207(a)(1).

42. Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

43. Defendant violated the FLSA by willfully failing to pay proper overtime compensation to Plaintiffs and the Class Members. In the course of perpetrating these unlawful

practices, Defendant also willfully failed to keep accurate records of all hours worked by Plaintiffs and the Class Members.

44.     Plaintiffs and the Class Members are victims of a uniform, company-wide compensation policy. Upon information and belief, Defendants applied this uniform policy to Plaintiffs and all Class Members throughout the Country.

45.     Plaintiffs and the Class Members are entitled to damages equal to their unpaid overtime premium pay for three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA.

46.     Plaintiffs and the Class Members are also entitled to recover an award of liquidated damages in an amount equal to the amount of the unpaid overtime pay pursuant to 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant is not liable for liquidated damages, Plaintiffs and the Class Members are entitled to an award of prejudgment interest at the applicable legal rate. Plaintiffs and Class Members are also entitled to reasonable attorneys' fees, and costs of this action.

## COUNT II
### Failure to Pay Wages in Violation of New Jersey Law
**(Brought by Class Representative Clarke on Behalf of All Others Similarly Situated)**

47.     Plaintiffs reassert and re-allege the allegations set forth in all preceding paragraphs as if fully set forth herein.

48.     Defendant has engaged in a widespread pattern, policy, and practice of violating the New Jersey Wage and Hour Law.

49.     At all times relevant, the members of the New Jersey class have been employees and Defendant has been an employer within the meaning of the NJWHL.

50. The overtime wage provisions of New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., and supporting New Jersey State Department of Labor and Workforce Development regulations, including N.J.S.A. 34:11-56a4 and N.J.A.C. 12:56-3.1 et seq. apply to Defendant and protect Plaintiff Clarke and the New Jersey Class Members.

51. Defendant has failed to pay Plaintiff Clarke and the New Jersey Class Members overtime wages to which they are entitled under the NJHWL.

52. By Defendant's failure to pay the members of the New Jersey Class overtime wages for hours worked in excess of 40 hours per week, it has violated New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., and supporting New Jersey State Department of Labor and Workforce Development regulations, including N.J.S.A. 34:11-56a4 and N.J.A.C. 12:56-3.1 et seq.

53. Due to Defendant's violations of the NJWHL, the members of the New Jersey Class are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### COUNT III
### Failure to Pay Wages in Violation of New York Law Article 19
**(Brought by Class Representative Sarkar on Behalf of All Others Similarly Situated)**

54. Plaintiffs reassert and re-allege the allegations set forth in all preceding paragraphs as if fully set forth herein.

55. Defendant has engaged in a widespread pattern, policy, and practice of violating the New York Labor Law ("NYLL").

56. At all times relevant, the members of the New York class have been employees and Defendant has been an employer within the meaning of the NYLL.

57.   The overtime wage provisions of Article 19 of the NYLL and its support regulations apply to Defendant and protect Plaintiffs and the New York Class Members.

58.   Defendant has failed to pay Plaintiffs and the New York Class Members overtime wages to which they are entitled under the NYLL.

59.   By Defendant's failure to pay the members of the New York Class overtime wages for hours worked in excess of 40 hours per week, it has violated NYLL §§ 650 *et seq.*, and supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

60.   Due to Defendant's violations of the NYLL, the members of the New York Class are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest. Plaintiff Sarkar does not seek to recover liquidated damages under the NYLL on his own behalf or on behalf of the Class Members.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Named Plaintiffs on behalf of themselves and all members of the Nationwide FLSA Collective Class pray for relief as follows:

A.   Designation of this action as a collective action on behalf of the FLSA Collective Class (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Plaintiff Consent Forms pursuant to 29 U.S.C. § 216(b);

    B.    Designation of the Named Plaintiffs as Representatives of the Nationwide FLSA Collective Class;

    C.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

    D.    An award of damages, according to proof, including liquidated damages and loss of benefits, to be paid by Defendant;

    E.    Costs of action incurred herein, including expert fees;

    F.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

    G.    Pre-Judgment and Post-Judgment interest, as provided by law; and

    I.    Such other legal equitable relief as this Court deems necessary, just, and proper.

**WHEREFORE**, the New Jersey Named Plaintiff Andrew Clarke on behalf of himself and all members of the Class he represents, prays for relief as follows:

    A.    Certification of this action as a class action on behalf of the New Jersey Rule 23 Class;

    B.    Designation of the New Jersey Named Plaintiff as a Representative of the Class he seeks to represent;

    C.    A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

    D.    Appropriate equitable relief to remedy Defendant's violations of state law;

    E.    Appropriate statutory penalties;

    F.    An award of damages to be paid by Defendant according to proof;

    G.    Restitution;

    H.    Pre-Judgment and Post-Judgment interest, as provided by law;

    I.    Attorneys' fees and costs of suit, including expert fees; and

    J.    Such other injunctive and equitable relief as the Court may deem just and proper.

**WHEREFORE**, the New York Named Plaintiff Tapas Sarkar on behalf of himself and all members of the Class he represents, prays for relief as follows:

    A.    Certification of this action as a class action on behalf of the New York Rule 23 Class;

    B.    Designation of the New York Named Plaintiff as a Representative of the Class he seeks to represent;

    C.    A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

    D.    Appropriate equitable relief to remedy Defendant's violations of state law;

    E.    Appropriate statutory penalties;

    F.    An award of damages to be paid by Defendant according to proof, however, the New York Named Plaintiff does not seek liquidated damages under the New York Labor Law;

    G.    Restitution;

    H.    Pre-Judgment and Post-Judgment interest, as provided by law;

    I.    Attorneys' fees and costs of suit, including expert fees; and

    J.    Such other injunctive and equitable relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Named Plaintiffs individually and on behalf of all others similarly situated, demand a trial by jury.

Dated:    March 7, 2008
              New York, NY

Respectfully submitted,

*[signature]*

Adam T. Klein (AK 3293)
Jack A. Raisner (JR 6171)
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005
Email: atk@outtengolden.com
Email: jar@outtengolden.com

Kelly M. Dermody (CA Bar # 171716)
Rachel Geman (RG 0998)
Jahan C. Sagafi (CA Bar # 224887)
**LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
 and
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: kdermody@lchb.com
Email: rgeman@lchb.com

James M. Finberg (CA Bar# 114850)
Eve H. Cervantez (CA Bar # 164709)
**ALTSHULER BERZON LLP**
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: jfinberg@altshulerberzon.com
Email: ecervantez@altshulerberzon.com

**ATTORNEYS FOR PLAINTIFFS**

# Exhibit A

# CONSENT TO BE A PARTY PLAINTIFF

I consent to be a party plaintiff in lawsuit against JP MORGAN and its officers in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

I hereby designate OUTTEN & GOLDEN LLP to represent me in the suit.

_Tapan kr. Sarkar_
Signature

TAPAS KR. SARKAR
Print name

53 TEABERRY DRIVE
Address

EDISON, NJ; 08820
City, State and Zip Code

CONSENT TO BE A PARTY PLAINTIFF

I consent to be a party plaintiff in lawsuit against JP MORGAN and its officers in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

I hereby designate OUTTEN & GOLDEN LLP to represent me in the suit.

_____
Signature

Andrew Clarke
_____
Print name

1040 E 232 st
_____
Address

Bronx NY 10466
_____
City, State and Zip Code