Adam T. Klein (AK 3293)
Jack Raisner (JR 6171)
**OUTTEN & GOLDEN, LLP**
3 Park Avenue, 29th Floor
New York, NY  10016
Telephone:  (212) 245-1000
Facsimile:  (212) 97704005
Email: atk@outtengolden.com
Email: jar@outtengolden.com

James M. Finberg (CA Bar # 114850)
Eve H. Cervantez (CA Bar #164709)
**ALTSHULER BERZON, LLP**
177 Post Street, Suite 300
San Francisco, CA  94108
Telephone:  (415) 421-7151
Facsimile:  (415) 352-8064
Email: jfinberg@altshulerberzon.com
Email: ecervantez@altshulerberzon.com

Kelly M. Dermody (CA Bar #171716)
Rachel Geman (RG 0998)
Jahan C. Sagafi (CA Bar #224887)
**LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP**
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
        and
780 Third Avenue, 48th Floor
New York, NY  10017-2024
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
Email: kdermody@lchb.com
Email: rgeman@lchb.com
Email: jsagafi@lchb.com

*Attorneys for the Plaintiffs and the
Proposed Class Members*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDREW CLARKE and TAPAS SARKAR, individually and on behalf of other similarly situated persons,<br><br>    Plaintiffs,<br>  v.<br><br>J.P. MORGAN CHASE & CO.,<br><br>    Defendant. | **08 Civ. 2400 (CM) (JCF)**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION AND APPOINTMENT OF OUTTEN & GOLDEN, LIEFF CABRASER, AND ALTSHULSER BERZON AS CO-LEAD INTERIM CLASS COUNSEL PURSUANT TO FEDERAL RULES OF <u>CIVIL PROCEDURE 23(G) AND 42(A)</u>** |

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ........................................................................................ 1

II. BACKGROUND .................................................................................................................. 2

III. NOTICE OF RELATED ACTIONS ................................................................................. 3

IV. ARGUMENT ........................................................................................................................ 4

    A. The Court Should Consolidate The *Clarke* and *Fezza* Actions. ................................. 4

    B. Proposed Interim Class Counsel Should Be Designated Lead Counsel. ...................... 7

        1. Proposed Interim Class Counsel Will Fairly and Adequately Represent the Interests of the Class ................................................................................................. 8

            a. Proposed Interim Class Counsel Have Already Invested Significant Resources to Identify and Investigate Claims .................................................... 9

            b. Proposed Interim Class Counsel Possess Extensive Experience Litigating Wage and Hour Class Actions ........................................................................... 9

            c. Proposed Interim Class Counsel are Known Authorities in Wage and Hour Litigation .............................................................................................................. 11

            d. Proposed Interim Class Counsel are Prepared to Commit Substantial Resources to the Litigation .................................................................................. 12

V. CONCLUSION .................................................................................................................. 12


## TABLE OF AUTHORITIES

**CASES**

*In re Agent Orange Product Liability Litigation*,
 996 F.2d 1425 (2d Cir. 1993)...........................................................................................8

*In re Air Cargo Shipping Services Antitrust Litigation*,
 240 F.R.D. 56 (E.D.N.Y. 2006).........................................................................................7

*Devlin v. Transport Commc'ns International Union*,
 175 F.3d 121 (2d Cir. 1999)...............................................................................................4

*In re Fuwei Films Sec. Litigation*,
 247 F.R.D. 432 (S.D.N.Y. 2008) .......................................................................................5

*International Paving System, Inc. v. Van Tulco, Inc.*,
 806 F. Supp. 17 (E.D.N.Y. 1992) ......................................................................................6

*Irish Lesbian & Gay Organization v. Giuliani*,
 918 F. Supp. 728 (S.D.N.Y. 1996).....................................................................................4

*Johnson v. Celotex Corp.*,
 899 F.2d 1281 (2d Cir. 1990).........................................................................................4, 5

*Kaplan v. Gelfond*,
 240 F.R.D. 88 (S.D.N.Y. 2007) .....................................................................................5, 6

*LaSala v. Bank of Cyprus Public Co. Ltd.*,
 510 F. Supp. 2d 246 (S.D.N.Y. 2007)................................................................................3

*Merriweather v. Sherwood*,
  Case No. 77 Civ. 3421 (AGS), 2002 U.S. Dist. LEXIS 9423
  (S.D.N.Y. May 28, 2002)..................................................................................................4

*Mutual Life Insurance Co. v. Hillmon*,
 145 U.S. 285 (1892).......................................................................................................5, 6

*In re NASDAQ Market-Makers Antitrust Litigation*,
 169 F.R.D. 493 (S.D.N.Y. 1996) .......................................................................................8

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co., Inc.*,
 229 F.R.D. 395 (S.D.N.Y. 2004) .......................................................................................5

*Puglisi v. Underhill Taxpayers Association*,
 159 F.R.D. 416 (S.D.N.Y. 1994) .......................................................................................4

*Parkinson v. Hyundai Motor Am.*,
 Case No. CV-345AHS (MLGX), 2006 U.S. Dist. LEXIS 59055 (C.D. Cal. Aug. 7,
 2006) ..................................................................................................................................7

*Pinkowitz v. Elan Corp.*,
 2002 U.S. Dist. LEXIS 14593 (S.D.N.Y. July 29, 2002) ..................................................5

**STATUTES**

Fed. R. Civ. P. 23 ............................................................................................................................1

Fed. R. Civ. P. 23(g)(1)(B) ..............................................................................................................8

Fed.R.Civ.P. 23(g)(2)(A) ............................................................................................................1, 7

Fed. R. Civ. P. 42 .........................................................................................................................1, 4

Plaintiffs, on behalf of themselves and all others similarly situated, respectfully submit this memorandum of law in support of their motion pursuant to Federal Rules of Civil Procedure 42(a) and 23(g).

## I. PRELIMINARY STATEMENT

Consolidation under Fed. R. Civ. P. 42 is appropriate here due to the substantial similarity of legal and factual questions asserted. "[W]hen actions involving a common question of law or fact are pending before the court, it may order . . . all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42. To promote the smooth and efficient administration of this action, plaintiffs Andrew Clarke and Tapas Sarkar ("Plaintiffs"), the first-filed plaintiffs in the actions against J.P. Morgan Chase & Co. ("Chase"), request consolidation of the present action with *Fezza, et al. v. JP Morgan Chase & Co. and JP Morgan Chase Bank, N.A.*, 08-cv-03004 CM-THK (S.D.N.Y.). The present and *Fezza* actions concern common questions of law and fact, namely whether plaintiff technical production support employees were entitled to be paid premium overtime pay for overtime hours worked while employed by Chase.

In addition, under Fed. R. Civ. P. 23, "the Court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(2)(A). Plaintiffs request the appointment of Outten & Golden LLP, Lieff, Cabraser, Heimann & Bernstein, LLP, and Altshuler Berzon LLP ("Proposed Interim Class Counsel") as interim class counsel.

The Proposed Interim Class Counsel are three nationally recognized law firms specializing in class actions and employment law. Proposed Interim Class Counsel have extensive successful experience representing plaintiffs in employment class actions -- including those involving claims of technical production support employees who are wrongly classified as

1

exempt from overtime -- and have significant knowledge of the applicable law. Indeed, as detailed below, these three firms have prosecuted the largest technical support misclassification class actions in the country. The resources Proposed Interim Class Counsel can and will commit to representing the class are substantial, and they have already expended considerable time and effort to identify and investigate the potential viable claims in this action. They will fairly and adequately represent the class.

## II.   BACKGROUND

On March 7, 2008, Plaintiffs, represented by Proposed Interim Class Counsel, filed the above-captioned matter in this Court. Plaintiffs' Complaint alleges that during the past six years, Chase misclassified technical production support workers below a certain grade (grade 603) as exempt from the protections of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the New Jersey Wage and Hour Law ( "NJWHL"). *Compl.*, ¶ 15. Plaintiffs allege that they and others similarly situated worked significantly in excess of forty hours per week, for which they were not paid overtime premium pay. *Compl.*, ¶ 16. Plaintiff Tapas Sarkar worked as a technical production support worker in the State of New York, and, in addition to his nationwide federal collective action claims, brings class claims under the NYLL on behalf of himself and other New York workers. *Compl.*, ¶¶ 4, 30 (defining the New York Rule 23 class). Plaintiff Andrew Clarke worked as a technical production support worker in the State of New Jersey, and, in addition to his nationwide federal collective action claims, brings class claims under the NJWHL on behalf of himself and other New Jersey workers. *Compl.*, ¶¶ 3, 28 (defining the New Jersey Rule 23 class). The above-captioned matter is scheduled for a preliminary status conference on May 2, 2008 at 11:30 a.m.

After Plaintiffs brought this action, on March 24, 2008, other counsel unaffiliated with Proposed Interim Class Counsel filed a lawsuit (the "*Fezza* Complaint") against Chase on behalf

of non-exempt employees, including IT support technicians, information analysts and other employees "holding comparable positions with different titles" who did not receive premium overtime pay.[1]  *Fezza Compl.*, S.D.N.Y. 08-CV-08004 (CM), ¶¶ 12, 19, 27.  The *Fezza* Complaint seeks a nationwide FLSA collective action and brings class claims under New Jersey law (the law of the state where plaintiff James K. Duane worked) – effectively duplicating a portion of the class of potential plaintiffs covered by the present action – and Pennsylvania law (the law of the state where plaintiff Marianne Fezza worked).  *Fezza Compl.*, ¶¶ 8, 9.  Neither of the *Fezza* plaintiffs were employed in New York.

On April 28, 2008, to ensure the orderly and efficient prosecution of these two similar lawsuits, Proposed Interim Class Counsel approached the *Fezza* counsel to discuss a leadership and management structure for the Chase overtime litigations.  Proposed Interim Class Counsel sought agreement from the *Fezza* counsel that Proposed Interim Class Counsel would be lead counsel of the consolidated based on their greater experience with this type of litigation, and because they represent the first-filed plaintiffs.  *See* Declaration of Adam T. Klein ("Klein Dec.") at ¶ 2.  The *Fezza* counsel refused, and this motion follows.  *Id.*

## III. NOTICE OF RELATED ACTIONS

The *Clarke* and *Fezza* actions are related for purposes of Local Civil Rule 15, as both cases will require discovery, motion practice, and potential trial concerning substantially similar facts and legal issues.  Specifically, the relevant facts concern Chase's overtime pay practices and plaintiffs' and the class members' performance of overtime work.  Treating the cases as related would save the Court significant resources and provide all parties with a just, efficient, and economical procedure for litigating plaintiffs' and the class members' claims.[2]  See *LaSala*

---

[1] The *Fezza* action also named J.P. Morgan Chase Bank, N.A. as a defendant.
[2] Local Civil Rule 15 requires the Court to consider "whether (i) a substantial saving of

*v. Bank of Cyprus Pub. Co. Ltd.*, 510 F. Supp. 2d 246, 250-51 n.2 (S.D.N.Y. 2007) (multiple actions against same defendant alleging similar violations of law and to which defendants moved to dismiss on similar grounds are related); *Merriweather v. Sherwood*, Case No. 77 Civ. 3421 (AGS), 2002 U.S. Dist. LEXIS 9423, 17-19 (S.D.N.Y. May 28, 2002) (Rule 15 satisfied where the cases involved substantial overlap such that separate litigation would waste judicial resources and create the potential for inconsistent outcomes); *cf. Irish Lesbian & Gay Org. v. Giuliani*, 918 F. Supp. 728, 729-730 (S.D.N.Y. 1996) (Rule 15 envisions cases where there are "concerns for duplicative discovery, overlapping briefing schedules, conflicting pretrial proceedings, or other sources of potential inefficiency"); *Puglisi v. Underhill Taxpayers Ass'n*, 159 F.R.D. 416, 418 (S.D.N.Y. 1994) (actions were "unquestionably related" where they involved the same parties and the same issues and there was potential for inconsistent findings and rulings).  Pursuant to Local Civil Rule 1.6(a), counsel in the present action hereby submit to the Court that the present action and *Fezza* action are related.[3]

## IV.   ARGUMENT

### A.   The Court Should Consolidate The *Clarke* and *Fezza* Actions.

A court may consolidate multiple actions pursuant to Fed. R. Civ. P. 42(a) where the actions involve "a common question of law or fact." See Fed. R. Civ. P. 42(a); see also *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). A trial court has broad discretion to consolidate actions under Rule 42(a), *Johnson*, 899 F.2d at 1284, and "cases may be consolidated even where certain

---

judicial resources would result; or (ii) the just efficient and economical conduct of the litigations would be advanced; or (iii) the convenience of the parties or witnesses would be served."  The Court may also consider "a congruence of parties or witnesses or the likelihood of a consolidated or joint trial or joint pre-trial discovery may be deemed relevant." *Id.*

[3] Both the actions have been assigned to this Court, therefore a transfer of either action is unnecessary.

4

defendants are named in only one of the complaints." *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008) (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004)(citations omitted)). A court may enter orders of consolidation "to avoid unnecessary costs or delay," but "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Johnson*, 899 F.2d at 1284-85 (citations omitted).

Consolidation frequently will be permitted when there are "causes of a like nature, or relative to the same question." *Mutual Life Ins. Co. v. Hillmon*, 145 U.S. 285, 292 (1892). "Claims arising pursuant to the same or similar . . . patterns of conduct are all candidates for consolidation." 8-42 Moore's Federal Practice - Civil § 42.10 (citations omitted). "Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007) (citing *Pinkowitz v. Elan Corp.*, Nos. 02 Civ. 862 (WK) et al., 2002 U.S. Dist. LEXIS 14593, 2002 WL 1822118, at *3-4 (S.D.N.Y. July 29, 2002)).

Plaintiffs respectfully request that the Court consolidate the *Fezza* action into the *Clarke* action. Specifically, Plaintiffs request that the following consolidation format be used by this Court: (1) the claims made under FLSA shall be consolidated, except for the individual FLSA claims of the named *Fezza* plaintiffs who opted into their action; and (2) all claims made under state wage and hour laws for all plaintiffs. While Plaintiffs recognize that the individually named *Fezza* plaintiffs may pursue their FLSA claims with their designated counsel, the remaining potential FLSA plaintiffs should receive an opt-in notice for one consolidated action.[4]

---

[4] The *Clarke* plaintiffs bring their action on behalf of themselves and those similarly situated, pursuant to § 216(b) of the FLSA and thus seek class notice pursuant to that rule.

In addition, as the state law claims concern common facts and similar law, the state law claims of all plaintiffs should be consolidated into one action.

Common questions of law and fact exist in both *Clarke* and *Fezza*. In both actions, plaintiffs seek redress for violations of federal and state wage and hour laws protecting employees' rights to premium overtime pay. Both actions seek recovery for the same overtime hours of work pursuant to the FLSA and NJWHL. While each Complaint seeks redress for wage and hour violations under an additional state law not listed in the other Complaint, i.e., New York for the above action and Pennsylvania for the *Fezza* action, both Complaints nevertheless address the same company-wide pattern and practice of misclassifying class members as exempt and failing to pay premium overtime pay for hours worked in excess of forty (40) in a workweek. As such, the only differences between the two actions are the substantive state laws (i.e., NYLL and Pennsylvania Wage Payment and Collection Law ("Pa WPCL"), which involve significant similarities with each other, other state laws, and the FLSA. Thus, the actions are appropriate for consolidation. *Mutual Life Ins. Co.*, 145 U.S. at 292; *Kaplan*, 240 F.R.D. at 92.

The interests of justice support consolidation of the two actions. Given the overlapping issues of law and fact, litigation of two separate cases would waste judicial resources and financial resources of the parties. *Kaplan*, 240 F.R.D. at 92 ("Given the overlapping questions of law and fact presented in the cases before us, litigating a multitude of separate actions would only ensure the duplication of effort amongst parties and the needless expenditure of judicial resources.") Further, the parties would be harmed by potential inconsistent rulings or verdicts. *International Paving Sys., Inc. v. Van Tulco, Inc.*, 806 F. Supp. 17, 22 (E.D.N.Y. 1992) (if not consolidated, construction litigation with same factual issues of defective condition applicable to both actions could result in inconsistent results). For the reasons set forth above, plaintiffs'

motion to consolidate should be granted.

      **B.    Proposed Interim Class Counsel Should Be Designated Lead Counsel.**

Pursuant to Rule 23(g), "the court may designate interim class counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(2)(A). As one New York District Court recently explained in a similar context, "where multiple overlapping and duplicative actions have been transferred to a single district for coordination of pretrial proceedings, designation of interim class counsel is encouraged, *and indeed is probably essential for efficient case management.*" *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (emphasis added) (citing the Manual for Complex Litigation (Fourth) § 21.11 (2004)). Courts have used Rule 23(g) to create leadership structures in employment cases involving claims of unpaid overtime. *See e.g.*, *Aros v. The Pep Boys*, Case No. CV 07-1755-VBF (Rzx) (C.D. Cal Jan. 15, 2008) (pretrial order appointing interim lead counsel in consolidated wage and hour class action).

While neither Rule 23(g) nor the Advisory Committee Notes explicitly state the standards used for selecting interim class counsel, courts have held that they are the same standards that apply in choosing class counsel at the time of certification of the class. *See, e.g.*, *In re Air Cargo*, 240 F.R.D. at 57; *Parkinson v. Hyundai Motor Am.*, Case No. CV-345AHS (MLGX), 2006 WL 228901, at *2 (C.D. Cal. Aug. 7, 2006).

In appointing class counsel under Rule 23(g), the court:

    (i) must consider:

- the work counsel has done in identifying or investigating potential claims in the action,

7

- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,
- counsel's knowledge of the applicable law, and
- the resources counsel will commit to representing the class;

(ii) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class . . . .

Fed. R. Civ. P. 23(g)(1)(B).

Because Proposed Interim Class Counsel satisfy all of the requirements of Rule 23(g), the motion should be granted.

### 1. Proposed Interim Class Counsel Will Fairly and Adequately Represent the Interests of the Class.

A class is fairly and adequately represented where counsel are qualified, experienced, and generally able to conduct the litigation on its behalf. *See, e.g., In re Agent Orange Product Liab. Litig.*, 996 F.2d 1425, 1435 (2d Cir. 1993); *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 512 (S.D.N.Y. 1996) (class counsel satisfy adequacy requirement where they are able to prosecute the action vigorously). Where, as here, proposed class counsel "include some of the most experienced lawyers in the United States in the prosecution of . . . class actions" and demonstrate that they are "ready, willing and able to commit the resources necessary to litigate the case vigorously," the adequacy requirement is satisfied. *In re NASDAQ*, 169 F.R.D. at 515.

Proposed Interim Class Counsel have successfully litigated numerous class actions involving misclassification claims brought by technical production support employees specifically and employees generally. See Geman Dec. ¶¶ 4-5, 12-17 and 26; Raisner Dec. ¶¶ 4-

8

5; Cervantez Dec. ¶¶3, 11. As their firm résumés make clear, Proposed Interim Class Counsel have the experience necessary to successfully lead this class action and will draw on their considerable experience and resources to zealously represent the proposed classes. They are committed to devoting the resources necessary to litigate the case to a successful resolution. Accordingly, the requirements of Rule 23(g)(1)(B) are satisfied.

### a. Proposed Interim Class Counsel Have Already Invested Significant Resources to Identify and Investigate Claims

Proposed Interim Class Counsel have already expended considerable time and effort conducting legal and factual research, evaluating potential claims and defenses and drafting pleadings. For instance, over the past six to eight months, Eve H. Cervantez, and paralegals working under her supervision, spoke to approximately ten current and former Chase technical support workers about their job duties and number of hours worked in an effort to determine if these workers were properly classified as exempt from overtime, and the approximate number of overtime hours worked. Declaration of Eve H. Cervantez ("Cervantez Dec.") at ¶ 2. Similarly, Attorney Jack A. Raisner interviewed numerous plaintiffs and fact witnesses, reviewed materials pertinent to the litigation, researched relevant case law and drafted the Complaint. Declaration of Jack A. Raisner ("Raisner Dec.") at ¶ 2.

### b. Proposed Interim Class Counsel Possess Extensive Experience Litigating Wage and Hour Class Actions

Proposed Interim Class Counsel's firms have jointly litigated numerous wage and hour class actions.[5] Individually and by firm, Proposed Interim Class Counsel possess extensive

---

[5] *Higazi v. Cadence Design Systems, Inc.*, Case No. 07-2813 (N.D. Cal.) (resulting in a $7.7 million proposed settlement, which was granted preliminary approval in 2008, with a final approval hearing set for July 2008) (litigated by Lieff Cabraser and Altshuler Berzon); *Adams v. Inter-Con Security Systems, Inc.*, Case No. 06-5426 (N.D. Cal.) ($4 million settlement in 2008) (litigated by Lieff Cabraser and Altshuler Berzon); *Rosenburg v. IBM*, Case No. C06-0430 JDC (N.D. Cal.) ($65 million settlement in 2007) (litigated by Lieff Cabraser, Altshuler Berzon and Outten & Golden); *Foster v. Great Atlantic and Pacific Tea Co., Inc. d/b/a A&P*, Case No. 99

9

experience litigating wage and hour class actions.

The law firm of Outten & Golden, LLP, is one of the foremost plaintiff-side wage and hour litigation firms in the nation. Most of Outten & Golden's docketed wage and hour actions are filed in New York federal and state courts. Raisner Dec. ¶ 3. The firm frequently represents nationwide classes of employees in Fair Labor Standards Act litigation, as well as statewide class actions filed under the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a et seq., and New York Labor Law ("NYLL") §§ 650 *et seq*.[6] Outten & Golden has served as lead and co-lead counsel in those wage and hour class actions.[7]

With over 50 attorneys, offices in New York, San Francisco, and Nashville, and a track record spanning three decades, Lieff, Cabraser, Heimann & Bernstein, LLP ("Lieff Cabraser") is one of the oldest, largest, most experienced, and most successful law firms in the country specializing in the prosecution of plaintiff-side complex litigation, including class and collective actions on behalf of employees. *See generally* Geman Dec. ¶ 28, Exh. A (firm resume). Lieff Cabraser has served as lead or court-appointed lead or co-lead counsel in several FLSA and wage and hour cases. *Id.* at 15-21 ("Employment Discrimination and Unfair Employment

---

CV 3860 (CM) (S.D.N.Y.) (FLSA collective action before Judge McMahon that resulted in a $3.11 million settlement in 2004 on behalf of 855 opt-in plaintiffs who challenged the company's failure to pay wages and overtime for off-the-clock work) (litigated by Lieff Cabraser and Outten & Golden).

[6] E.g., *Dorfman. v. United Parcel Service*, Case No. 06 CV 00703 (E.D.N.Y.); *Rosenburg v. IBM Corporation*, Case No. C06-0430 (PJH) (N.D. Cal.) (with Lieff Cabraser); *Hernandez v. The Home Depot Inc*., Case No. CV-05 3433 (ERK) (SMG) (E.D.N.Y.); *Day v. Control Associates*, Case No. 04 CV-07125 (LAK)(THK)(S.D.N.Y); *Clarke. v. JP Morgan Chase & Co*. Case No. 04601519 (NY Sup. Ct., N.Y. Cty.) (customer service employees in New York); *Fouyolle v. JP Morgan Chase & Co*., Case No. 04-2219 (S.D. Tex.) (call center workers in Texas); *Cole v. Global Financial Services of Nevada*, Case No. 05 Civ. 10011 (JGK) (S.D.N.Y); *Lamons v. Target Corporation*, Case No. CV 04-0260 (ILG) (SMG) (E.D.N.Y); *Westerfield v. Washingtion Mutual Bank*, Case No. 06 Civ. 2817 (CBA) (JMA) (E.D.N.Y.); *Fei v. WestLB*, Case No. 07 Civ. 8785 (HB) (S.D.N.Y.); *Smith v. Citigroup*, Case No. 07 Civ. 1791 (JG)(MRL)(E.D.N.Y.); *English v. Ecolab, Inc.*, Case No. 06 Civ. 5672 (PAC); *Boal Premium Capital Funding LLC d/b/a Topdot Mortgage*, Case No. CV 07-698 (DRH) (ETB) (E.D.N.Y.).

[7] *Id.*

Practices" section of the firm resume).[8]

Altshuler Berzon LLP is a California-based law firm that specializes in labor and employment and other civil litigation. Counsel at Altshuler Berzon have litigated numerous wage and hour class action lawsuits, while working as counsel at Altshuler Berzon and earlier as counsel at Lieff Cabraser.[9]

For the aforementioned reasons, Proposed Interim Class Counsel possess the requisite experience and expertise to satisfy Rule 23(g).

### c. Proposed Interim Class Counsel are Known Authorities in Wage and Hour Litigation

Proposed Interim Class Counsel are nationally known authorities on the substantive and procedural legal issues raised in this litigation. *See* Cervantez Dec. at ¶ 4 (citing multiple speaking engagements concerning class action and wage and hour litigation); Raisner Dec. at ¶ 6 (same); Geman Dec. at ¶ 8-9, 22-23 (same). Proposed Interim Class Counsel have written numerous articles and frequently lecture on wage and hour and class action litigation. *See* Cervantez Dec. at ¶ 5, 9-10 (listing numerous publications regarding wage and hour collective action litigation); Raisner Dec. at ¶ 7 (same); Geman Dec. at ¶ 7-8, 21 (same). As such, Proposed Interim Counsel adequately demonstrate their knowledge in the substantive and

---

[8] Among the relevant wage and hour cases prosecuted by the individual Lieff Cabraser lawyers who are representing Plaintiffs in this action are: *Gerlach v. Wells Fargo & Co.*, Case No. 05-0585 (N.D. Cal.) ($12.8 million settlement in 2007); *Giannetto v. Computer Sciences Corporation*, Case No. 03-CV-8201 (C.D. Cal.) ($24 million settlement in 2005); *Trotter v. Perdue Farms*, Case No. 99 893 (D. Del.) ($10 million settlement in 2002); *Vedachalam v. Tata America International Corp.*, Case No. 06-0963 (pending in N.D. Cal.).

[9] *Aguiar v. Cintas Corporation,* (L.A. Superior Court Case No. BC 310696), *Baldozier et al. v. American Family Mutual Insurance Company* (D. Colo. Case No. 04-cv-2174 WYD-CBS); *In Re: Farmers Insurance Exchange Claims Representatives' Overtime Pay Litigation* (D. Or. MDL Case No. 1439); *Barnett et al. v. Wal-Mart Stores, Inc.* (King County, Wash., Superior Court Case No. 01-2-24553-8 KNT); *Rundles et al. v. Safeco Corporation* (Orange County Superior Court Case No. 02CC01600); *Zuckman v. Allied Group, Inc.* (N.D. Cal. Case No. 02-cv-05800 SI); *Rosenburg v. International Business Machines Corp.* (N.D. Cal. Case No. 06-cv-0430 PJH); and *Thomas, et al. v. California State Automobile Association* (Alameda County Superior Court Case No. CH217752-0).

procedural legal areas, as required by Rule 23(g).

### d. Proposed Interim Class Counsel are Prepared to Commit Substantial Resources to Litigation

Proposed Interim Class Counsel are ready, willing, and able to commit the resources necessary to vigorously litigate the consolidated actions. The Proposed Interim Class Counsel firms have already committed the time and effort of several attorneys and paralegals to the legal research, factual investigation, and prosecution of the *Clarke* lawsuit, and will continue to do so, keeping in mind appropriate staffing levels for each project. *See* Cervantez Dec. at ¶ 2, 6; Raisner Dec. at ¶ 2; Geman Dec. at ¶ 27. Accordingly, Proposed Interim Class Counsel easily satisfy the adequacy requirement of Rule 23(g).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court consolidate the *Clarke* and *Fezza* actions pursuant to Fed. R. Civ. P. 42(a) and appoint Proposed Interim Class Counsel as interim class counsel, pursuant to Fed. R. Civ. P. 23(g)(2)(A).

Dated:    New York, New York
          April 29, 2008

Respectfully submitted,

   /s/ Adam T. Klein (AK 3293)
          Adam T. Klein

| | |
|---|---|
| Adam T. Klein (AK 3293) | James M. Finberg (CA Bar # 114850) |
| Jack Raisner (JR 6171) | Eve H. Cervantez (CA Bar #164709) |
| **OUTTEN & GOLDEN, LLP** | **ALTSHULER BERZON, LLP** |
| 3 Park Avenue, 29th Floor | 177 Post Street, Suite 300 |
| New York, NY  10016 | San Francisco, CA  94108 |
| Telephone:  (212) 245-1000 | Telephone:  (415) 421-7151 |
| Facsimile:  (212) 977-4005 | Facsimile:  (415) 352-8064 |
| Email: atk@outtengolden.com | Email: jfinberg@altshulerberzon.com |
| Email: jar@outtengolden.com | Email: ecervantez@altshulerberzon.com |

Kelly M. Dermody (CA Bar #171716)
Rachel Geman (RG 0998)
Jahan C. Sagafi (CA Bar #224887)
**LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP**
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
         and
780 Third Avenue, 48th Floor
New York, NY  10017-2024
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
Email: kdermody@lchb.com
Email: rgeman@lchb.com
Email: jsagafi@lchb.com


**ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS MEMBERS**