Adam T. Klein (AK 3293)
Jack Raisner (JR 6171)
**OUTTEN & GOLDEN, LLP**
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (212) 97704005
Email: atk@outtengolden.com
Email: jar@outtengolden.com

James M. Finberg (CA Bar # 114850)
Eve H. Cervantez (CA Bar #164709)
**ALTSHULER BERZON, LLP**
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 352-8064
Email: jfinberg@altshulerberzon.com
Email: ecervantez@altshulerberzon.com

Kelly M. Dermody (CA Bar #171716)
Rachel Geman (RG 0998)
Jahan C. Sagafi (CA Bar #224887)
**LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP**
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
    and
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: kdermody@lchb.com
Email: rgeman@lchb.com
Email: jsagafi@lchb.com

*Attorneys for the Plaintiffs and the
Proposed Class Members*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDREW CLARKE and TAPAS SARKAR, individually and on behalf of other similarly situated persons,<br><br>       Plaintiffs,<br>  v.<br><br>J.P. MORGAN CHASE & CO.,<br><br>       Defendant. | 08 Civ. 2400 (CM) (JCF)<br><br>**PROPOSED ORDER FOR CONSOLIDATION AND THE APPOINTMENT OF OUTTEN & GOLDEN, LIEFF CABRASER, AND ALTSHULER BERZON AS CO-LEAD INTERIM CLASS COUNSEL PURSUANT TO FEDERAL RULES OF <u>CIVIL PROCEDURE 23(G) AND 42(A)</u>** |

WHEREAS, *Fezza* and *Clarke* actions (the "JP Morgan Chase Actions") allege the same or similar violations of state and federal wage and hour laws and involve common questions of law and fact;

WHEREAS, the Court has determined that formal consolidation of the JP Morgan Chase Actions and organization of Counsel for Plaintiffs is appropriate as consistent with the recommendations of the Manual for Complex Litigation Fourth (4th ed.)

WHEREAS, Outten & Golden LLP, Lieff, Cabraser, Heimann & Bernstein, LLP, and Altshuler Berzon LLP have extensive experience representing plaintiffs in employment class actions and have significant knowledge of the applicable law;

WHEREAS, these three firms are prepared to commit substantial resources to representing the class in this action;

WHEREAS, these three firms have already expended considerable time and effort to identify and investigate the potential viable claims in this action;

WHEREAS, these three firms will fairly and adequately represent the plaintiff class in satisfaction of the requirements of Fed R. Civ. P. 23(g); and

WHEREAS, the Court has determined that formal consolidation of the JP Morgan Chase Actions and organization of Counsel for Plaintiffs is appropriate;

GOOD CAUSE HAVING BEEN SHOWN, IT IS ORDERED as follows:

**I.     Consolidation of the JP Morgan Chase Actions**

1.     *Clarke v. JP Morgan Chase & Co.*, 08-cv-2400 CM-JCF (S.D.N.Y.) and related case *Fezza, et al. v. JP Morgan Chase & Co. and JP Morgan Chase Bank, N.A.*, 08-cv-03004 CM-THK (S.D.N.Y.) shall be consolidated, except for the claims under the Fair Labor

Standards Act, 29 U.S.C. §§ 201, *et seq.,* of individual Plaintiffs Marianne Fezza and James K. Duane. The consolidated actions shall be referred to collectively as *Clarke v. JP Morgan Chase & Co.*, 08-cv-2400 CM-JCF (S.D.N.Y.).

**II.     Master Docket**

2.     A Master Docket is hereby established for the Consolidated Actions, including actions subsequently consolidated herein pursuant to this Order. Entries in the Master Docket shall be applicable to the Consolidated Actions, and entries shall be made therein in accordance with the regular procedures of the Clerk of the Court, except as modified by this Order.

**III.    Master File and Separate Action Files**

3.     A Master File is hereby established for the proceedings in the Consolidated Actions. The Master File shall be Civil Action No. 08-2400 CM-JCF. The original of this Order shall be filed by the Clerk in the Master File herein established. The Clerk shall maintain a separate file for each of the Consolidated Actions and filing shall be made in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order. The Clerk shall file a copy of this Order in each such separate file.

**IV.    Newly Filed or Transferred Actions**

4.     When a case that arises out of the same operative facts as the Consolidated Actions is hereinafter filed in or transferred to this Court, it shall be consolidated with these actions as provided in Section I above, and the Clerk of the Court shall:

  a.   File a copy of this Order in the separate file for such action;

  b.   Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

  c.   Make the appropriate entry in the Master Docket.

5.     This Court requests the assistance of counsel in calling to the attention of

the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

### V.     Application of the Order to Subsequent Cases

6.     This Order shall apply to each class/collective action assigned to the undersigned that alleges claims similar to those set forth in these actions and brought on behalf of employees of JP Morgan Chase & Co. who allege the same or similar violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.,* the New York Labor Law, NYLL §§ 650 *et seq*. and New Jersey Wage and Hour Law*,* N.J.S.A. 34:11-56a *et seq.* and the Pennsylvania Wage Payment and Collection Law, 43 Pa. Cons. Stat. § 260 *et seq.*  This Order shall apply to each such case which is subsequently filed in or transferred to this Court, and which is assigned to the undersigned, unless a party objecting to the consolidation of that case, or to any other provision of this Order, serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to the counsel of that party.  The provisions of this Order shall apply to such action pending the Court's ruling on the application.

7.     Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, Defendant shall not be required to answer, plead, or otherwise move with respect to that complaint.  If a plaintiff in any such case is permitted to use a separate complaint, defendant shall have twenty (20) days from the date the Court grants such permission within which to answer, plead, or otherwise move with respect to that complaint.

### VI.     Organization of Counsel

8.     The Court appoints the following Interim Lead Counsel for the consolidated action:

Adam T. Klein (AK 3293)
Jack Raisner (JR 6171)
**OUTTEN & GOLDEN, LLP**
3 Park Avenue, 29th Floor
New York, NY  10016
Telephone:  (212) 245-1000
Facsimile:  (212) 97704005
Email: atk@outtengolden.com
Email: jar@outtengolden.com


Kelly M. Dermody (CA Bar #171716)
Rachel Geman (RG 0998)
Jahan C. Sagafi (CA Bar #224887)
**LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
           and
780 Third Avenue, 48th Floor
New York, NY  10017-2024
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
Email: kdermody@lchb.com
Email: rgeman@lchb.com
Email: jsagafi@lchb.com


James M. Finberg (CA Bar # 114850)
Eve H. Cervantez (CA Bar #164709)
**ALTSHULER BERZON, LLP**
177 Post Street, Suite 300
San Francisco, CA  94108
Telephone:  (415) 421-7151
Facsimile:  (415) 352-8064
Email: jfinberg@altshulerberzon.com
Email: ecervantez@altshulerberzon.com


9. Interim Lead Counsel shall have authority over the following matters on behalf of all plaintiffs in those respective actions:

    a) Convening meetings of counsel working for the Class;

    b) Initiating, responding to, scheduling, briefing, and arguing of all motions;

      c)     Determining the scope, order and conduct of all discovery proceedings;

      d)     Assigning such work assignments to other counsel as they may deem appropriate;

      e)     Retaining experts;

      f)     Designating which attorneys may appear at hearings and conferences with the Court;

      g)     Conducting settlement negotiations with defendants; and

      h)     Other matters concerning the prosecution of or resolution of their respective cases.

10.     All Plaintiffs' counsel shall keep contemporaneous time and expense records and shall provide such records upon request to Interim Lead Counsel.

11.     Interim Lead Counsel shall have authority to communicate with Defendant's counsel and the Court on behalf of the Class.  Defendant's counsel may relyi on all agreements made with Interim Lead Counsel, and such agreements shall be binding.

**VII.**     **Coordination**

12.     Interim Lead Counsel shall coordinate activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice.

**VIII.**     **Scope of Order**

13.     The terms of this Order shall not have the effect of making any person, firm or entity a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure.  The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims in or defenses to any action.

### IX. Preliminary Schedule of Proceedings

14. Plaintiffs shall file a Consolidated Complaint within twenty-one (21) days of the entry of this Order. The Consolidated Complaint shall be the operative complaint and shall supersede all complaints filed in any of the Consolidated Actions. Pending filing and service of the Consolidated Complaint, Defendant shall have no obligation to move, answer, or otherwise respond to any of the complaints in the Consolidated Actions or any subsequently consolidated with it. Defendants shall have fourteen (14) days from service of the Consolidated Complaint to answer or otherwise respond.

15. In the event the Defendant files a motion directed at the Complaint, the parties shall meet and confer regarding a briefing schedule for (i) opposition and reply briefs, and (ii) issues related to class certification.

IT IS SO ORDERED,

_____                                                                Date: _____
Hon. Colleen McMahon
U.S. District Judge