Law Offices
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
(212) 309-6000 (Telephone)
(212) 309-6001 (Fax)
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------- X
ANDREW CLARKE and TAPAS SARKAR,  :
individually and on behalf of other similarly
situated persons,                :

        Plaintiffs,              :   **ELECTRONICALLY FILED**

  -against-                   :   NO. 08-CV-2400 (CM)

J.P. MORGAN CHASE & CO.,          :

        Defendant.               :

---------------------------------------- X

### DEFENDANT'S ANSWER AND DEFENSES

Defendant JPMorgan Chase Bank, N.A., incorrectly identified as J.P. Morgan Chase & Co. in the Complaint ("Defendant"), by and through its undersigned attorneys, Morgan Lewis & Bockius LLP, hereby answers the Class Action Complaint ("Complaint") of Plaintiffs Andrew Clarke and Tapas Sarkar in the above-captioned matter by admitting, denying, and averring as follows:

    1.    Defendant admits that it is a financial services company doing business in the City and State of New York and that it employs personnel in numerous and varied positions with highly diverse responsibilities throughout the United States, including in New York and New Jersey but denies that it employs any individual as a "technical production support worker." Defendant admits that Plaintiffs purport to bring this action under the Fair Labor Standards Act

("FLSA"), the New York Labor Law, and the New Jersey Wage and Hour Law, but denies that Defendant violated any of those laws in any way.

2. Defendant admits that Plaintiff Clarke was formally employed by Defendant, at times in New Jersey, and that Plaintiff Sarkar is a current employee of Defendant in New York but denies that either Plaintiff was ever employed in the position "technical production supporter worker." Defendant admits that Plaintiffs purport to bring this lawsuit as a nationwide collective action under the FLSA on behalf of themselves and all others similarly situated, but denies that the case is suitable as or should proceed as a collective action.

3. Defendant admits that Plaintiff Clarke, at times, worked for Defendant in New Jersey but denies that he was employed as a technical production support worker. Defendant admits that Plaintiff Clarke purports to bring this action on behalf of himself and the individuals set forth in Paragraph 3 of the Complaint and that he also purports to bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure under the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a et seq., and New Jersey State Department of Labor and Workforce Development regulations, but denies that it is appropriate for Plaintiff Clarke to bring this action on behalf of any other individuals or for the case to proceed as a class action.

4. Defendant admits that Plaintiff Sarkar, at times, worked for Defendant in New York but denies that he was employed as a technical production support worker. Defendant admits that Plaintiff Sarkar purports to bring this action on behalf of himself and the individuals set forth in Paragraph 4 of the Complaint and that he also purports to bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure under the New York Labor Law ("NYLL"), and Article 19, §§650 et seq., but denies that it is appropriate for Plaintiff Sarkar to bring this action on behalf of any other individuals or for the case to proceed as a class action.

## JURISDICTION AND VENUE

5.  Except to admit that Plaintiffs purport to invoke the jurisdiction of this Court based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, Defendant avers that the allegations contained in Paragraph 5 of the Complaint call for legal conclusions to which no response is necessary.

6.  Defendant avers that the allegations contained in Paragraph 6 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is necessary, except to admit that Plaintiffs purport that (1) there are 100 members in each of the New York and New Jersey proposed classes, (2) some members of the proposed classes have different citizenship from Defendant, and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate, Defendant denies the allegations in Paragraph 6 of the Complaint.

7.  Except to admit that Plaintiffs purport to lay venue in this Court, Defendant avers that the allegations contained in Paragraph 7 of the Complaint call for legal conclusions to which no response is necessary.

## PARTIES

8.  Except to admit that CT Corporation Systems, 111 Eighth Avenue, New York, New York 10011, is Defendant's registered agent, Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.  Except to admit that at one time Plaintiff Clarke held the position of Distributed Computing Engineer II in a grade below 603 in Defendant's Global Technology Infrastructure division, Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Except to admit that Plaintiff Sarkar is currently employed by Defendant in New York and at one time held the title of Distributed Computing Engineer II and that he was

reclassified as non-exempt in January 2008 and received appropriate overtime payments following the reclassification, Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant avers that the allegations contained in Paragraph 11 of the Complaint are legal conclusions to which no response is necessary. To the extent a response is required, Defendant admits that Plaintiffs addended documents entitled "Consent to Become a Party Plaintiff" pursuant to 29 U.S.C. § 216(b), the contents of which speak for themselves.

## FACTS

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant avers that the allegations contained in Paragraph 14 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint and specifically denies that it employs any individuals in the position of "technical production support workers."

21. Except to admit that as of January 1, 2008, Defendant reclassified certain employees, including Plaintiff Sarkar, as overtime eligible and, as such, recorded their time and

paid them overtime for hours worked in excess of forty, Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

## COLLECTIVE ALLEGATIONS

23. Defendant admits that Plaintiffs purport to bring Count I as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), but denies that a collective action is appropriate.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

## CLASS ACTION ALLEGATIONS

26. Defendant admits that Plaintiffs purport to bring claims for violations of New Jersey's wage and hour laws and New York's wage and hour laws as a class action pursuant to Rule 23, but denies that any class action is appropriate.

27. Defendant admits that Plaintiff Clarke purports to bring a claim for violations of New Jersey's wage and hour laws as a class action pursuant to Rule 23, but denies that a class action is appropriate.

28. Defendant admits that Plaintiffs purport to define a New Jersey Rule 23 Class, but denies that a class action is appropriate.

29. Defendant admits that Plaintiff Sarkar purports to bring a claim for violations of New York's wage and hour laws as a class action pursuant to Rule 23, but denies that a class action is appropriate.

30. Defendant admits that Plaintiffs purport to define a New York Rule 23 Class, but denies a class action is appropriate.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

## COUNT I

39. Paragraphs 1-38 above are incorporated by reference as if the same were fully set forth herein.

40. Defendant avers that the allegations contained in Paragraph 40 of the Complaint are legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant avers that the allegations contained in Paragraph 41 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant admits that Plaintiffs were employed by Defendant and that the text of the FLSA speaks for itself.

42. Defendant avers that the allegations contained in Paragraph 42 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant admits the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint and specifically denies that either Plaintiffs or any other individuals are entitled to any relief in this action.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint and specifically denies that either Plaintiffs or any other individuals are entitled to any relief in this action.

## COUNT II

47. Paragraphs 1-46 above are incorporated by reference as if the same were fully set forth herein.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant avers that the allegations contained in Paragraph 49 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 49 of the Complaint, except to admit that it is an employer within the meaning of NJWHL.

50. Except to admit that it is subject to New Jersey's wage and hour laws and regulations with respect to certain employees, Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint and specifically denies that either Plaintiffs or any other individuals are entitled to any relief in this action.

## COUNT III

54.     Paragraphs 1-53 above are incorporated by reference as if the same were fully set forth herein.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant avers that the allegations contained in Paragraph 56 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is necessary, except to admit that it is an employer within the meaning of NYLL, Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.     Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.     Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of the Complaint and that either Plaintiffs or any other individuals are entitled to any relief in this action.

## PRAYER FOR RELIEF

61.     Defendant denies that Plaintiffs are entitled to any relief whatsoever, including the relief requested in the **PRAYER FOR RELIEF** section on pages twelve through fourteen of the Complaint.

## GENERAL DENIALS

Defendant denies each and every allegation contained in Plaintiffs' Complaint not specifically admitted herein.

Defendant denies that either Plaintiffs or any other individuals are entitled to any relief in this action.

## DEFENSES

### FIRST DEFENSE

62. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND DEFENSE

63. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

### THIRD DEFENSE

64. Plaintiffs are exempt from the overtime pay requirements of the FLSA, the New Jersey wage and hours laws, and the New York wage and hours laws, under one or more exemptions, or combination of exemptions, including but not limited to the administrative, executive, professional, computer professional, highly compensated, and combination exemptions.

### FOURTH DEFENSE

65. Plaintiffs' claims cannot be properly joined with the claims of any potential opt-ins.

### FIFTH DEFENSE

66. Plaintiffs have not alleged sufficient facts to justify a collective action.

### SIXTH DEFENSE

67. Plaintiffs have failed to satisfy the prerequisites for bringing either a class action or an action on behalf of similarly-situated individuals.

## SEVENTH DEFENSE

68. The pursuit of Plaintiffs' New York and New Jersey claims conflict with and/or are preempted, in whole or in part, by federal law.

## EIGHTH DEFENSE

69. Plaintiff's claims are barred in whole or part by statutory exclusions, exceptions, or credits under the FLSA, New Jersey Wage and Hour Law, and/or New York Labor Law.

## NINTH DEFENSE

70. Plaintiffs' state law overtime class claims violate the Rules Enabling Act because it abridges the substantive rights conferred by Section 216(b) of the Fair Labor Standards Act.

## TENTH DEFENSE

71. New York's overtime regulation is invalid.

## ELEVENTH DEFENSE

72. New York's overtime regulation is unconstitutional.

## TWELFTH DEFENSE

73. The pursuit of Plaintiffs' New York claims are barred by CPLR § 901(b).

## THIRTEENTH DEFENSE

74. If Defendant's failure to pay Plaintiffs' overtime wages was unlawful, although such is not admitted, Defendant had a good faith and reasonable belief that the failure to pay such wages was not unlawful.

## FOURTEENTH DEFENSE

75. Defendant's failure to pay Plaintiffs' overtime wages was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division

of the United States Department of Labor and/or the New York Department of Labor and/or the New Jersey Department of Labor.

### FIFTEENTH DEFENSE

76. If Defendant's failure to pay Plaintiffs' overtime wages was unlawful, although such is not admitted, none of Defendant's actions or omissions constitute a willful violation of the FLSA, New Jersey Law, or New York Law.

### SIXTEENTH DEFENSE

77. Plaintiffs never were employed by Defendant JP Morgan Chase & Co., nor were any potential opt-ins or putative class members.

### RESERVATION OF RIGHTS

Defendant reserves the right to assert additional defenses as Plaintiffs' claims are clarified in the course of this litigation.

**WHEREFORE,** Defendant demands judgment as follows:

A. Dismissing Plaintiffs' Complaint in its entirety;

B. Granting Defendant its costs, disbursements, and attorneys' fees incurred in this action; and

C. Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York.
      June 6, 2008

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0600
212.309.6000


By: _____s/ Sam Shaulson_____
    Samuel S. Shaulson (SS-0460)
    Debra Morway (DM-2629)